## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **JEREMY DEWAYNE FOSTER** | : | **DOCKET NO. 2:23-cv-0661** |
| **D.O.C. # 609509** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **BRENT THOMPSON, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Jeremy Dewayne Foster, who is proceeding pro se and *in forma pauperis* in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I.
### BACKGROUND

Foster filed an original and amended complaint in this Court, naming multiple defendants and raising the following four claims:  (1) violation of religious freedoms; (2)  personal property stolen/not returned, lost good time credit and canteen restriction, following a unit search; (3) prison officials making copies of mail and destroying the original mail; and (4) lost job as a result of a "bogus write-up."   Docs. 1, 10.

### II.
### LAW & ANALYSIS

#### A.  *Frivolity Review*

Foster has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003).

Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. Claims

#### 1.    Violation of religious freedoms

Foster's claims that defendants Major Speller, Major Golbert, Vallirie Dallone, Captain Cummings, Ricky Kennon and Yusuf Abdullah violated his religious freedoms will be addressed in a separate order, as the Court determines that they survive initial review.

#### 2.    Events Following the March 20, 2023, Unit Search

In his second claim, plaintiff complains of events that occurred following a March 20, 2023, unit search.  Pursuant to the search, Lt. Colonel Tillery and Sgt. McCray and Sgt. Marciel confiscated two tablets that belonged to plaintiff.  After the tablets were taken to Lt. Zachary Dupree, "the I.T. guy," one tablet was returned to plaintiff and the other was not.  As a result of the incident, plaintiff complains that in addition to the missing tablet, he was subject to a disciplinary hearing and, as a result, lost 30 days of good time credit and four weeks of canteen restrictions.

#### a.  Lost/stolen property

First, Foster complains that one of his tablets has not been returned.  The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of ... property, without due process of law." U.S. Constitution, Amendment XIV. However, under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's

property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. *See Parratt v. Taylor*, 101 S. Ct. 1908 (1981); *Hudson v. Palmer*, 104 S. Ct. 3194 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *See Hudson, supra.*

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by other inmates. La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *See Charbonnet v. Lee,* 951 F.2d 638 (5th Cir. 1992), *cert. denied*, 112 S. Ct. 2994 (1992). Plaintiff's claim regarding lost/stolen property is clearly barred by the *Parratt/Hudson* doctrine.

### b.   *Loss of commissary privileges*

Next, to the extent that plaintiff contends that the deprivation of commissary privileges by Brent Thompson, Mark Estes, and Jessica Manuel violated his rights to due process as guaranteed by the Fourteenth Amendment, such contention is baseless. State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 115 S.Ct. 2293 (1995). The loss of commissary privileges does not represent the type of atypical, significant deprivation which might implicate a liberty interest. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997).

### c.   *Loss of good time credit*

Finally, plaintiff's claim as it relates to his loss of good time as a result of the disciplinary conviction is subject to dismissal.  If a favorable judgment would necessarily imply the invalidity

of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey,* 114 S.Ct. 2364 (1994). A "conviction," for purposes of *Heck,* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of time credits for good conduct. See *Edwards v. Balisok*, 520 U.S. 641 (1997).

Foster seeks monetary damages as a result of his allegedly wrongful disciplinary conviction that resulted in the loss of 30 days of good conduct time, among other sanctions. An award of damages related to the lost good conduct credits would necessarily imply the invalidity of Foster's disciplinary conviction. His disciplinary conviction has not been reversed, expunged, or declared invalid through a petition for writ of habeas corpus. Therefore, his claim for monetary damages is barred by *Heck*. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### 3.    *Mail*

Next, plaintiff complains that defendants Curley Victorian, Colonel Young, Krystle Simon, Major Wilson, Jessie Bellamy and Lt. Thomas are making copies of his mail and destroying the original mail. "There (sic) excuse is to prevent drugs from coming in." Doc. 1, p. 13.

Plaintiff does not state a plausible claim on which relief can be granted because "prison officials may open incoming legal mail to inspect it for contraband." *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993)). Similarly, "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected*." Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (citing *Brewer*, 3 F.3d at 825). Plaintiff does not explain how he suffered harm from receiving only copies of

mailings; otherwise stated, he does not explain why he required the originals. *See Sandoval v. Fox*, 135 F. App'x 691, 691 (5th Cir. 2005) (affirming dismissal of a plaintiff's claim that guards improperly distributed prison mail because the plaintiff was not deprived of his mail and did not otherwise suffer any actual harm).

In light of the fact that a jail has a legitimate security interest in opening and inspecting incoming mail for contraband, plaintiff's allegation that his mail was opened and read, but not censored, does not rise to the level of a constitutional violation. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Consequently, Plaintiff fails to state a claim with respect to his mail.

### 4. *Loss of Job*

Finally, Foster complains that he lost his job as a result of the "bogus write up." Doc. 1, p. 14. An inmate's expectation of obtaining or keeping a specific prison job, or any job, does not implicate a protected property interest. *See Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995).

He also complains that he was still being made to do work without pay. However, prisoners do not enjoy a constitutional right to be paid for work performed in prison. *Wendt v. Lynaugh*, 841 F.2d 619 (5th Cir.1988). As the Fifth Circuit Court has emphasized, "[c]ompelling an inmate to work without pay is not unconstitutional. The Thirteenth Amendment specifically allows involuntary servitude as punishment after conviction of a crime, and this Court has held that compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state." *Murray v. Mississippi Department of Corrections*, 911 F.2d 1167, 1167-68 (5th Cir.1990) (citations and quotation marks omitted); *see also Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir.2006). Accordingly, plaintiff's claim regarding the loss of his paying job, and being made

to work without pay, by Warden Mark Estes, Warden Curley Victorian, Colonel Johnson, Colonel Tillery, Major Christopher Lofton, Captain James, Captain Travis Jackson are without merit.

## II.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the plaintiff's claims that his personal property was stolen/not returned, that he was put on canteen restriction following a unit search, that prison officials are making copies of mail and destroying the original mail and that he lost his job as a result of a "bogus write-up" be **DISMISSED WITH PREJUDICE** and claims related to loss of good time credits be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* bar in this matter has been lifted.

**IT IS FURTHER RECOMMENDED** that all claims against the following defendants: (1) Brent Thompson, (2) Krystle Simon, (3) Curley Victorian, (4) Mark Estes, (5) Col. Young, (6) J. Tillery, (7) Jessica Manuel, (8) Col. Johnson, (9) Major Wilson, (10) Christopher Lofton, (11) Capt. James, (12) Travis Jackson, (13) Zachery Dupree, (14) Lt. Thomas, (15) Sgt. Marciel, and (16) Sgt. McCray, and be **DISMISSED WITH PREJUDICE**.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

---

[1] Plaintiff's claims that his religious freedoms have been violated by defendants Major Speller, Major Golbert, Vallirie Dallone, Captain Cummings, Warden Jessie Bellamy, Ricky Kennon and Yusuf Abdullah will be addressed in a separate order.

grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE