UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY DEWAYNE FOSTER** | : | **DOCKET NO. 2:23-cv-0661** |
| **D.O.C. # 609509** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **BRENT THOMPSON, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Pro se plaintiff, Jeremy Dewayne Foster ("Foster"), filed a civil rights complaint pursuant to 42 U.S.C. §1983. Foster, an inmate in the custody of the Louisiana Department of Corrections, is currently incarcerated at Allen Correction Center in Kinder, Louisiana. On July 10, 2023, he filed a complaint, which included a Motion for Temporary Restraining Order or Preliminary Injunction, presently before this Court. Doc. 1.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion for Temporary Restraining Order be **DENIED**.

### I.
#### BACKGROUND

Foster's original and amended complaints name multiple defendants raising the following four claims: (1) violation of religious freedoms; (2) personal property stolen/not returned, lost good time credit and canteen restriction, following a unit search; (3) prison officials making copies of mail and destroying the original mail; and (4) lost job as a result of a "bogus write-up." Docs.

1, 10.  In his original complaint, plaintiff asks this Court to enjoin the defendants from violating his constitutional rights during the pendency of his civil rights suit.  Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

**A. TRO/Preliminary Injunction**

A preliminary injunction can be issued only after notice to the adverse party. See Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson,* 556 F.3d 351, 360 (5th Cir. 2009). The purpose of a temporary restraining order is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); *see also, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo").

Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*,

862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985).

Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

### B. Application

Foster has not shown that there is a substantial threat of irreparable injury if an injunctive relief is not granted. He has failed to show that he would suffer irreparable injury if the injunction were not granted. Foster has not made the necessary showing for entitlement to injunctive relief in this case and his claims can be addressed in due course.

### III.
#### CONCLUSION

For reasons stated above,

**IT IS RECOMMENDED** that Foster's Motion for Temporary Restraining Order or Preliminary Injunction (doc. 3) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE