UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY DEWAYNE FOSTER** | **DOCKET NO. 2:23-cv-00661** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BRENT THOMPSON, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Presently before the court is a Motion for Summary Judgment filed by defendants Warden Jessie Bellamy, Major Brian Spillers, Major Jonna Gobert and Captain Valiree Delhonne on November 8, 2023. Rec. Doc. 30. The plaintiff filed an objection to the motion on November 16, 2023. Rec. Doc. 32. This matter is now ripe for review.

For the following reasons, **IT IS ORDERED** that the defendants' Motion for Summary Judgment (rec. doc. 30) be **GRANTED,** and this suit be **DISMISSED WITHOUT PREJUDICE**.

I.     BACKGROUND

Foster filed an original and amended complaint in this Court, naming multiple defendants and raising the following four claims: (1) violation of religious freedoms; (2) personal property stolen/not returned, lost good time credit and canteen restriction, following a unit search; (3) prison officials making copies of mail and destroying the original mail; and (4) lost job as a result of a "bogus write-up." Docs. 1, 10. The Court dismissed the claims related to the unit search, his mail, and the loss of a job, leaving only the religious freedom claim. Rec. Doc. 15. Specifically, plaintiff complains that he was not provided with a noonday meal to consume during the night while he was observing a religious fast in connection with his celebration of Ramadan and that he

was not allowed to engage in group prayer after breakfast during Ramadan due to staff shortages at Allen Correction Center (ACC).

Defendants seek summary judgment in this matter, arguing that there is no genuine issue of material fact that plaintiff failed to exhaust his Administrative Remedies, as admitted in his Complaint (rec. doc. 10, p. 2, ¶ II) and confirmed by the ACC ARP Screening officer, J. Pelican, in his sworn statement attached to the instant motion (rec. doc. 30, att. 6). Plaintiff's ARP (ALC-2023-369) was rejected due to its violation of ACC policies and procedures because it was too voluminous. *Id*. Plaintiff was advised to submit a condensed version of his ARP if he so chose, but he failed to do so. *Id*.

Plaintiff's objection to the defendants' motion does not contest the allegation that he failed to exhaust his administrative remedies. Rec. Doc. 32. Rather, he simply argues that the motion is "illegal" as it "violates the 14th Amendment of Substantive Due Process." *Id*. at p. 1.

## II. LAW & ANALYSIS

### A. Legal Standards

#### 1. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

"A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Fed. R. Civ. P. 56(e)(2), L.R. 56.2

Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g., Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). "Exhaustion

resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id*. at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id*. (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. (citation and footnote omitted).

### 2.  *Prison Litigation Reform Act ("PLRA") Exhaustion Requirement*

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).  The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); see also *Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (*citing Porter*, 534 U.S. at 524).

The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available," and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the authority to take some "action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731,736 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639; *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (recognizing that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint" and "have no discretion to waive the PLRA's pre-filing exhaustion requirement").

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps,* 776 F.3d 296, 299-300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 272-73)). And exhaustion must have occurred before the lawsuit is filed. *Gonzalez*, 702 F.3d at 788 ("[T]he case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 U.S. Dist. LEXIS 46267, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking

to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than any amended complaint). Also, when a prisoner "can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice." *McCoy v. Zook*, No. 3:20-CV-1051-B(BT), 2021 U.S. Dist. LEXIS 39475, 2021 WL 811854, at * 6 (N.D. Tex. Feb. 11,2021), rep. and rec. adopted, 2021 U.S. Dist. LEXIS 39349, 2021 WL 807249 (N.D. Tex. Mar. 3, 2021) (citing *Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 280-81 (5th Cir. 2006) (per curiam); *Howard v. Gensil,* Civ. No. H-13-105, 2013 U.S. Dist. LEXIS 175000, 2013 WL 6440952 at *2 (S.D. Tex. Dec. 9, 2013) ("Because the deadlines for administrative remedies have passed, the action is properly dismissed with prejudice.") Courts are not "to inquire whether administrative procedures 'satisfy minimum acceptable standards' of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they maybe." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (citing *Booth*, 532 U.S. at 740 n.5 and *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

   B.  Application

Plaintiff failed to exhaust administrative remedies related to the remaining issue in this suit, the violation of his religious freedoms. In support of the instant motion, the defendants rely on a case virtually identical to the matter presently before the Court—*Savinell v. Epps*, 3:14CV516-LRA, 2015 WL 5021770 (S.D. MS, 8/24/2015) (unpublished opinion).

Savinell was an inmate at Southern Mississippi Correctional Institute (SMCI) and filed a 42 page complaint against Epps, claiming that he was treated as a slave while in the custody of the Mississippi Department of Corrections, being forced to work without pay in the field operations and the kitchen; that he had no real access to the law library; that he was denied free postage to

mail letters to the newspapers; he was placed in segregation for 60 days with no exercise; and, that his bond was revoked without cause in 2009. The defendant, Epps, filed summary judgment seeking dismissal of the plaintiff's claims because Savinell failed to complete the entire administrative review process before filing suit. An affidavit was submitted stating that Savinell had submitted a voluminous grievance through the ARP at SMCI regarding numerous issues. The grievance was sent back to Savinell with a note advising him that the volume of the material was too great and that the ARP rules required that each grievance submitted could only address one issue. Savinell was afforded an opportunity to correct and refile his grievance. The affidavit further stated Savinell did not send any additional grievance for any issue. When Savinell filed his suit in the district court, the form asked if he had completed the ARP regarding his claims, and he wrote: "the ARP Department said the ARP was too long."

The court in *Savinell* ruled that the PLRA governed all of Savinell's claims and thus he was required to complete the ARP process in its entirety before filing suit under §1983, citing the provisions of the statute: "42 U.S.C. §1997 (e), provides that 'no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" The court noted Savinell admitted in his complaint that his ARP was rejected for having too many issues, and he also admitted that fact under oath at the omnibus hearing conducted by the court. The court held that the defendant Epps had submitted competent proof of Savinell's non-exhaustion, and granted the Motion for Summary Judgment, dismissing the plaintiff's claims.

### III.    CONCLUSION

There is no genuine issue of material fact that Foster did not exhaust his administrative remedies in this case.  For the foregoing reasons,

**IT IS RECOMMENDED** that the instant Motion for Summary Judgment (doc. 30) be **GRANTED** and that suit be **DISMISSED WITHOUT PREJUDICE.**

THUS DONE AND SIGNED in chambers this 22nd day of May, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE